IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

```
LINDA ILGENFRITZ              :   Case No.
3047 Wood Lake Lane           :
Apollo, PA  15613             :
                              :
            Plaintiff,        :   COMPLAINT
                              :
vs.                           :   FILED ON BEHALF OF:
                              :   Plaintiff, Linda Ilgenfritz
HONORABLE ROBERT GATES,       :
Secretary of the Department   :   COUNSEL OF RECORD FOR
of Defense                    :   PARTY:
1000 Defense Pentagon         :   Neal A. Sanders, Esquire
Washington, D.C.  20301       :   PA ID NO. 54618
                              :   Dirk D. Beuth, Esquire
            Defendant.        :   PA ID NO. 76036
                              :   Law Offices of Neal A. Sanders
                              :   1924 North Main Street Ext.
                              :   Butler, PA  16001
                              :
                              :   (724) 282-7771
                              :
                              :   JURY TRIAL DEMANDED
```

**COMPLAINT AND JURY DEMAND**

Plaintiff Linda Ilgenfritz, complaining of Defendant, Honorable Robert Gates, in his capacity as Secretary of the Department of Defense, the Department of which the Defense Contract Management Agency is a component, alleges as follows:

**PARTIES**

1.   Plaintiff, Linda Ilgenfritz, is an individual citizen who currently resides at 3047 Wood Lake Road, Apollo, Pennsylvania 15613.

2.   Defendant, Honorable Robert Gates, is the Secretary of the Department of Defense, an independent department of the Executive Branch of the United States Government located at 1000 Defense Pentagon, Washington, D.C.  20301.  The Defense Contract

Management Agency (DCMA) is a component of the Department of Defense and has headquarters located at 6350 Walker Lane, Alexandria, Virginia 22310.  DMCA has a regional office located at 1000 Liberty Avenue, Room 901, Pittsburgh, Pennsylvania 15222.

**JURISDICTION AND VENUE**

3. This action arises under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq.

4. Jurisdiction over all counts of this complaint is conferred upon this Court by 28 U.S.C. § 1331, 29 U.S.C. §626(c) and 5 U.S.C. § 7121(d).

5. Venue is properly laid in the Western District of Pennsylvania, because all transactions and occurrences which give rise to this action occurred within this District.

**COUNT I**
**ADEA - Disparate Treatment/Constructive Discharge**

6. The Defendant, as an agency of the federal government, is subject to the provisions of the ADEA, 29 U.S.C. §621 et seq.

7. At all times relevant hereto, Plaintiff, who was born in 1949, was a member of the class protected under the provisions of the ADEA.

8. Plaintiff was initially employed by the federal government in 1988, when she was hired by the Army Corps of Engineers.

9. In or about December 1999, Plaintiff was hired by DCMA's regional office in Pittsburgh as a Procurement Technician.

10. At all times relevant hereto, Plaintiff was qualified for the position of Maintenance Supervisor.

11. Prior to April 2009, Plaintiff worked a Compressed Work Schedule (CWS), under which she worked ten hours each day from Monday through Thursday. She also teleworked one day of each work week.

12. The CWS had been offered to her at the time that she had been hired in 1999, and her immediate supervisor was aware that the CWS was the only reason that Plaintiff had been willing to transfer from the Corps of Engineers to DCMA.

13. In mid-March, 2009, while Plaintiff was attending an awards ceremony in which she was honored for exceptional performance of additional assigned duties, she asked her immediate supervisor if it would be possible for her to telework an additional day each week.

14. Plaintiff's supervisor checked with his supervisor and then informed Plaintiff that her request was approved. He further informed her that she was being assigned MSO duties, but that these additional duties could be performed at home.

15. Subsequently, by email dated March 23, 2009, Plaintiff's immediate supervisor informed her that her CWS and telework days were being suspended effective immediately.

16. When Plaintiff asked why this was being done, she was given two different answers. First, she was told that the MSO duties required her daily presence at the office, which, in addition to being inaccurate, was in direct contradiction to what

she had been told when those duties had been assigned. Second, she was informed that Colonel Anderson did not approve of CWS and wanted the practice discontinued throughout the Ohio River Valley region.

17. By email dated April 24, 2009, CWS was canceled for all employees of the Pittsburgh office, and employees were informed that telework requests would have to be resubmitted. However, by email dated May 1, 2009, the April 24, 2009 email was rescinded for all employees but Plaintiff.

18. At approximately the same time, Plaintiff learned that DCMA Pittsburgh would be relocating from Oakland, Pennsylvania to downtown Pittsburgh in late July 2009.

19. The Defendant was aware that Plaintiff had health issues which made a two hour total commute on five days each week impractical, and also that she would not be able to bear the financial burden of the additional commute and parking expenses.

20. The Defendant refused to consider reinstating Plaintiff's CWS and telework agreement.

21. At the time that Plaintiff's CWS and telework were cancelled, numerous employees who are substantially younger than Plaintiff were permitted to continue on CWS and to telework.

22. On July 31, 2009, DCMA Pittsburgh did relocate to downtown Pittsburgh, leaving Plaintiff no option but to resign from her employment due to the health and financial issues.

23. The Defendant, acting through its agents, servants and employees, was motivated by an intent to discriminate against Plaintiff because of her age and force her to resign when it took the foregoing actions.

24. By reason of the foregoing, the Defendant unlawfully discriminated against the Plaintiff with respect to the terms, conditions, and privileges of employment because of her age and, by doing so, constructively discharged Plaintiff effective July 31, 2009. In doing so, the Defendant violated the ADEA, 29 U.S.C. §623(a).

25. As the direct and proximate result of the Defendant's actions set forth above, the Plaintiff has suffered loss of wages loss of pension benefits, loss of insurance benefits, loss of other fringe benefits, loss of the opportunity to continue the gainful employ in which she had been engaged, loss of future earnings, and front pay, and loss of time and money in endeavoring to protect herself from Defendant's unlawful discrimination, including the costs and reasonable attorney's fees of this action.

26. Prior to initiating this action, Plaintiff exhausted all of her administrative remedies. Plaintiff timely filed the denial of her grievance to the EEOC. (See letter dated July 15, 2010 accepting the appeal attached hereto as Exhibit 1). The EEOC closed its files on April 12, 2011 after the EEOC could not and would not issue a Final Agency Decision. More than 180 days had elapsed since the EEOC docketed the Appeal on June 21, 2010. A true and correct copy of this decision is attached hereto as Exhibit 2.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against the Defendant and award Plaintiff back pay, front pay or reinstatement, compensation for lost fringe benefits, and reasonable costs and attorney's fees.

                      Respectfully submitted,

                      LAW OFFICES OF NEAL A. SANDERS,

Dated:  May 5, 2011         By:/s/Neal A. Sanders
                                          Neal A. Sanders, Esquire
                                          PA ID NO.  54618
                                          Co-Counsel for Plaintiff,
                                          Linda Ilgenfritz

                                      By:/s/Dirk D. Beuth
                                          Dirk D. Beuth, Esquire
                                          PA ID NO. 76036
                                          Co-Counsel for Plaintiff,
                                          Linda Ilgenfritz

                                          Law Offices of Neal A. Sanders
                                          1924 North Main Street Ext.
                                          Butler, Pennsylvania 16001

                                          (724) 282-7771

### **JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

                                      By:/s/Neal A. Sanders
                                          Neal A. Sanders, Esquire

                                      By:/s/Dirk D. Beuth
                                          Dirk D. Beuth, Esquire

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 5th day of May, 2011, the original of the foregoing **Complaint,** was mailed by the United States First Class Mail, postage prepaid, to the following:

Paul D. Kovac,
Assistant U.S. Attorney
Western District of Pennsylvania
U.S. Post Office & Courthouse
700 Grant Street, Suite 4000
Pittsburgh, PA 15219

Dated:  May 5, 2011                By:/s/Neal A. Sanders
                                   Neal A. Sanders, Esquire
                                   PA ID NO. 54618
                                   Co-Counsel for Plaintiff,
                                   Linda Ilgenfritz

                                   By:/s/Dirk D. Beuth
                                   Dirk D. Beuth, Esquire
                                   PA ID NO. 76036
                                   Co-Counsel for Plaintiff,
                                   Linda Ilgenfritz

                                   LAW OFFICES OF NEAL A. SANDERS
                                   1924 North Main Street Ext.
                                   Butler, Pennsylvania 16001

                                   (724) 282-7771